COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Willis


NASIMA KANDAHARI
                                      MEMORANDUM OPINION*
v.    Record No. 1380-03-4              PER CURIAM
                                      SEPTEMBER 23, 2003
VIRGINIA DEPARTMENT OF MOTOR VEHICLES


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jeremy Flachs; D. Michael Mullori, Jr.; The
            Law Offices of Jeremy Flachs, on brief), for
            appellant.

            (Jerry W. Kilgore, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Edward M. Macon, Senior Assistant Attorney
            General; Scott John Fitzgerald, Assistant
            Attorney General; James Van Ingold, Assistant
            Attorney General, on brief), for appellee.


     Nasima Kandahari (claimant) contends the Workers'

Compensation Commission erred in finding she failed to prove

that her headaches, tremors, shaking, and

neurological/psychiatric condition were causally related to her

April 21, 2000 compensable injury by accident.[1]  Upon reviewing

the record and the parties' briefs, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] We note that the claim before the commission at the
hearing was for disability related to a head injury and tremors.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In ruling that claimant failed to prove that her alleged head injury and tremors were causally related to her compensable April 21, 2000 injury by accident, the commission found as follows:

> The claimant testified that during the motor vehicle accident, she hit the right side of her head on the passenger door. After the accident, she was disoriented for a few minutes and was shaking. The claimant stated that she immediately reported pain in her head and a bump on the side to her supervisor after the accident. Dr. [Bibhuti] Mishra recorded a similar history of the accident. However, the medical records of the two health care providers who examined the claimant on the date of the accident contain no history of head trauma. The emergency room record states, "no head trauma, LOC." Dr. [Edward G.] Alexander's note of April 21, 2000, indicates that the claimant was wearing a seatbelt at the time of the crash and was "not knocked unconscious."
>
> We find the testimony of Dr. [Nathan] Crone, the Johns Hopkins neurologist who examined the claimant on referral from Dr. Mishra, to be more persuasive. Dr. Crone's October 30, 2001 letter

- 2 -

emphasizes that he and Dr. Mishra agree that the video EMG monitoring is necessary for an accurate diagnosis of the claimant's neurological condition. Without a confirmed diagnosis of seizure versus pseudoseizure, Dr. Mishra's opinion on causation lacked a proper factual foundation. Without such foundation and in light of the doubts expressed by Drs. Alexander, [David] Cifu, and Crone regarding causation, we cannot find that the claimant proved to a reasonable medical probability that her head injury and tremors were causally related to the April 21, 2000 accident. Moreover, we find Dr. [C.M.] Prasad's diagnosis of post-traumatic stress disorder and depressive episode to have no bearing on the issue of whether the claimant's head injury and tremors are related to the accident.

Neither the April 21, 2000 emergency room record nor Dr. Alexander's April 21, 2000 note contained any history or medical evidence indicating that claimant sustained a head injury or head trauma at the time of the accident. Drs. Alexander, Cifu, and Crone expressed doubts regarding causation. In light of these factors, the commission, as fact finder, was entitled to reject Dr. Mishra's opinions. "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

- 3 -

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that claimant's evidence sustained her burden of proof. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>